UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
FEB 12 2007

| | | |
|---|---|---|
| PATRICIA A. HARTMAN, | ) | Civil No. 06-4095 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| RAUSCH BROS. MONUMENT CO., | ) | |
| INC., and RAUSCH BROS. | ) | |
| MONUMENT CO., INC. d/b/a | ) | |
| RAUSCH GRANITE INTERIORS, | ) | |
| | ) | |
| Defendants. | ) | |

WHEREAS, the Plaintiff has, in connection with her discovery in the above-entitled action, served discovery requests on the Defendant, including Interrogatories and Requests for Production of Documents; and

WHEREAS, the Defendant objects to producing certain documents or information concerning proprietary and confidential (trade secrets) material (hereinafter referred to as "Proprietary and Confidential Documents/Information");

NOW, THEREFORE, in order to permit discovery to proceed and in order to preserve the confidentiality of said documents;

It is hereby ORDERED, that said Proprietary and Confidential Documents/Information shall be produced by Defendant to the attorneys of record on behalf of the Plaintiff. Upon and following her receipt of such records or copies thereof, the following restrictions shall be observed:

1. Said Proprietary and Confidential Documents/Information and the information contained therein shall be used by the parties to this action only for the purpose of this litigation and not for any other litigation or any business or other purposes whatsoever. Each and every Proprietary and Confidential Documents/Information produced (including copies, excerpts, digests, summaries or indices thereof) by Defendant shall be clearly marked and identified with the legend in red ink: CONFIDENTIAL.

2. Said Proprietary and Confidential Documents/Information shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

   (a) the court or courts in which this litigation is being pursued;

   (b) the Plaintiff;

   (c) The attorneys of record for the Plaintiff, and their associated attorneys, including the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation; and

   (d) Independent experts retained by the attorneys of record for such Plaintiff to assist in the preparation of this litigation.

3. Deposition testimony relating to or discussing said Proprietary and Confidential Documents/Information shall be protected under this ORDER and the transcript of such testimony shall be marked with the Confidential legend of Paragraph 1.

The transcripts of such deposition testimony shall be treated the same under this ORDER as other documents marked as confidential.

4. Said Proprietary and Confidential Documents/Information shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record for the Plaintiff or Defendant without first informing them of the contents of this ORDER.

5. Unless the Court orders otherwise, within sixty (60) days after the conclusion of this litigation, counsel for the Plaintiff and Defendant shall:

(a) Return to the producing Defendant the original and all copies of said Proprietary and Confidential Documents/Information which are in the possession, custody or control of such counsel for the Plaintiff or Defendant;

(b) Either:

(i) deliver to counsel for the producing Defendant all documentary materials reflecting information contained in or derived from confidential documents provided by the producing Defendant which are in the possession, custody, or control of counsel or the Plaintiff or Defendant; or

(ii) destroy such documentary materials, and notify counsel for the producing Defendant in writing that such action has been taken;

3

6. Nothing in this ORDER shall limit or otherwise affect:

(a) the rights of the producing Defendant to object to any further production or use at trial of said documents or of the information contained therein; or

(b) the rights of the Plaintiff or Defendant to assert that any such objection is inapplicable or has been waived as a consequence of the nature of the issues put in dispute in this litigation.

7. At the conclusion of this litigation, counsel for the producing Defendant shall be entitled to inspect and copy those materials previously filed under seal with the Court pursuant to the provisions of Paragraph 4 above.

8. By their signatures to this agreement, counsel for the parties signify their understanding of it and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court.

Dated this 8th day of February, 2007

_____
Melanie Carpenter
Counsel for Plaintiff Patricia Hartman

Dated this 9th day of February, 2007

_____
Camela C. Theeler
Counsel for Defendant Rausch
Brothers Monument Company, Inc.

4

APPRROVED, AND SO ORDERED, this __/2__ day of February, 2007.

BY THE COURT:

_____
Karen E. Schreier
Circuit Court Judge

ATTEST:

MR. JOSEPH A. HAAS, CLERK

By: _____
Deputy Clerk

(SEAL)